(No. 42152.—)
MARIE INGERSOLL, Admx., Appellant, *vs.* WALTER ROBERT
KLEIN *et al.*, Appellees.

*Opinion filed March 24, 1970.—Modified on denial of rehearing
October 7, 1970.*

Burt, J., took no part.

J. Edward Jones, of Blue Island, for appellant.

Gunner and Keller, of Dixon, (Tomas M. Magdich and William R. Gunner, of counsel,) for appellees.

Mr. Justice Kluczynski delivered the opinion of the court:

On January 12, 1963, Wayne Ingersoll, a resident of Illinois, drowned after the car in which he was riding broke through the ice on the Mississippi River allegedly within the territorial jurisdiction of the State of Iowa. Marie Ingersoll, as administratrix of the estate of Wayne Ingersoll, filed a complaint in the circuit court of Carroll County alleging the right to recover damages from Walter Klein, the driver of the automobile, and William Klein, his father. Counts I and II of the complaint alleged that Walter Klein, while under the influence of liquor, recklessly operated an automobile in violation of chapter 321.494 of the Iowa Code. Counts III and IV alleged that under chapter 321.493 of the Iowa Code, William Klein is liable for damages as owner of the automobile. Defendants filed an answer denying that the Iowa law was applicable to the case. Two years later plaintiff filed motion to strike the answer which was allowed, and defendants were given 28 days to file an amended answer. Several days later, without notice, the order was modified through motion of defendants to allow defendants to answer or plead. Defendants filed a request

for admission of facts and plaintiff admitted the following: (1) that the plaintiff and all that may benefit from the law suit reside in Illinois; (2) that the deceased, Wayne Ingersoll, met his death by drowning in the Mississippi River; and (3) that the deceased, Wayne Ingersoll, at the time of his death and immediately prior thereto, was a resident of Illinois. After defendants moved to strike and dismiss the complaint on the ground that Illinois law was applicable, an order dismissing the complaint was entered. Plaintiff substituted the personal representative of the defendant, William Klein, as a defendant in the suit, and elected to stand on her complaint as amended. The Appellate Court for the Second District affirmed the dismissal (106 Ill. App. 2d 330), and we granted leave to appeal. Plaintiff contends that the dismissal was a result of procedural error as well as error in determining which law was applicable.

Plaintiff argues that the defendants were compelled to file an amended answer because the answer originally filed constituted an irrevocable waiver of their right to challenge the sufficiency of the complaint. We do not find this argument meritorious. The Civil Practice Act expresses a clear intention to have pleadings and amendments liberally construed for the purpose of doing substantial justice between the parties and determining cases according to the substantive rights of the parties, consistent with fair and orderly procedures. (See Ill. Rev. Stat. 1967, ch. 110, par. 4, 33 and 46.) We believe that the trial court acted within its discretion when, after the answer was stricken for technical deficiencies on motion of plaintiff, defendants were allowed to plead by way of motion to dismiss. We agree with the appellate court in its strong disapproval of an *ex parte* motion under these circumstances, but cannot find in what manner plaintiff's rights were prejudiced because the trial court allowed the motion to be filed.

Plaintiff also argues that the motion filed by the defendants was improper because it was based on facts not of

record. On the face of the complaint, it is alleged that: the plaintiff as administratrix is a resident of Illinois and the estate is pending in Illinois; the deceased was a resident of Illinois at the time of his death; the accident occurred in that part of the Mississippi River in the territorial jurisdiction of the State of Iowa; the suit has been brought in the Illinois court for wrongful death of the decedent; and the defendants are Illinois residents.

The complaint stated a cause of action based on specific Iowa statutes. To be sufficient in law, the Iowa statutes would have to be applicable to the action. This question was properly raised on motion to strike and dismiss. The record before us indicates that there were sufficient facts before the court to decide the question of the applicable law.

The only substantive issue before the court is whether Iowa or Illinois law should govern the outcome of the case. Plaintiff argues that the right to recover is determined by the law of the place where the tort was committed. In our opinion, the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case, the law of Illinois should apply. The traditional arguments for using the doctrine of *lex loci delicti* have been: "1) It is relatively easy to apply; 2) It improves predictability of outcome; 3) It discourages forum shopping; and, 4) It is symmetrical —all parties injured in a single accident would have their rights adjudicated by the same law. The fatal flaw of this so-called 'justification' for the place-of-injury rule is that you could enjoy each and every one of these vaunted advantages by agreeing to apply the law of New York (as our most populous State or as trust capital of the world or as the situs of the 1965 World's Fair) or the law of Alaska (as the law of our coldest State) to decide the infinitely various issues which might arise in interstate tort cases." (31 ATLA Law Journal 534.) In *Babcock* v. *Jackson*

(1963), 12 N.Y.2d 473, 240 N.Y.S.2d 743, 191 N.E.2d 279, the court in considering the doctrine, stated: "It had its conceptual foundation in the vested rights doctrine, namely, that a right to recover for a foreign tort owes its creation to the law of the jurisdiction where the injury occurred and depends for its existence and extent solely on such law. (See Hancock, Torts in the Conflict of Laws (1942), pp. 30-36; Reese, The Ever Changing Rules of Choice of Law, Nederlands Tijdschrift Voor International Recht (1962), 389.) Although espoused by such great figures as Justice Holmes (see *Slater* v. *Mexican Nat. R. Co.*, 194 U.S. 120, 24 S. Ct. 581, 48 L. Ed. 900) and Professor Beale (2 Conflict of Laws (1935), pp. 1286-1292), the vested rights doctrine has long since been discredited because it fails to take account of underlying policy considerations in evaluating the significance to be ascribed to the circumstance that an act had a foreign situs in determining the rights and liabilities which arise out of that act. 'The vice of the vested rights theory,' it has been aptly stated, 'is that it affects to decide concrete cases upon generalities which do not state the practical considerations involved.' (Yntema, The Hornbook Method and the Conflict of Laws, 37 Yale L.J. 468, 482-483.) More particularly, as applied to torts, the theory ignores the interest which jurisdictions other than that where the tort occurred may have in the resolution of particular issues. It is for this very reason that, despite the advantages of certainty, ease of application and predictability which it affords (see Cheatham and Reese, Choice of the Applicable Law, 52 Col. L. Rev. 959, 976), there has in recent years been increasing criticism of the traditional rule by commentators and a judicial trend towards its abandonment or modification." (191 N.E.2d at 281.) Also in *Griffith* v. *United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796, the court stated: "This place of the injury rule, sometimes termed the *lex loci delicti* rule, has been the subject of severe criticism in recent years. See,

*e.g.,* Restatement (Second), Conflict of Laws, Introductory Note No. 1 (Tent. Draft No. 9, 1964); Stumberg, Conflict of Laws 199-212 (3d ed. 1963); Cavers, 'A Critique of the Choice-of-Law Problem,' 47 Harv. L. Rev. 173 (1933); Cheatham & Reese, 'Choice of the Applicable Law,' 52 Colum. L. Rev. 959 (1952); Currie in 'Comments on Babcock v. Jackson' * * *; Ehrenzweig, 'The "Most Significant Relationship" in the Conflicts Law of Torts,' 28 Law & Contemp. Prob. 700 (1963); Harper, 'Policy Bases of the Conflict of Laws: Reflections on Rereading Professor Lorenzen's Essays,' 56 Yale L.J. 1155 (1947); Morris, 'The Proper Law of a Tort,' 64 Harv. L. Rev. 881 (1951); Reese in 'Comments on Babcock v. Jackson,' 63 Colum. L. Rev. 1212, 1251 (1963); Traynor, 'Is This Conflict Really Necessary?' 37 Texas L. Rev. 657 (1959); and authorities cited in 46 Cornell L.Q. 637, 640, n. 20 (1961) and 62 Mich. L. Rev. 1358, n. 3 (1964).

"The basic theme running through the attacks on the place of the injury rule is that wooden application of a few overly simple rules, based on the outmoded 'vested rights theory,' cannot solve the complex problems which arise in modern litigation and may often yield harsh, unnecessary and unjust results." 203 A. 2d at 801.

Recognizing the growing dissatisfaction with the application of the doctrine of *lex loci delicti,* the American Law Institute prepared Tentative Draft No. 9 of section 379, Restatement of the Law, Second, Conflicts of Laws. It provides: "(1) The local law which has the most significant relationship with the occurrence and with the parties determines their rights and liabilities in tort. (2) Important contacts that the forum will consider in determining the state of the most significant relationship include: (a) The place where the injury occurred. (b) The place where the conduct occurred. (c) The domicile, nationality, place of incorporation and place of business of the parties. (d) The place where the relationship of the parties is cen-

tered. (3) In determining the relative importance of the contacts, the forum will consider the issues, the character of the tort, and the relevant purposes of the tort rules of the interested States." This draft and the above mentioned cases recognize that there are many other choice-influencing considerations which are more significant than predictability of results. See also: *Wartel* v. *Formusa,* 34 Ill.2d 57; *Graham* v. *General U.S. Grant Post No. 2665,* 43 Ill.2d 1; *Wilcox* v. *Wilcox* (1965), 26 Wis.2d 617, 133 N.W.2d 408; *Schmidt* v. *Driscoll Hotel* (1957), 249 Minn. 376, 82 N.W.2d 365; *Kilberg* v. *Northeast Airlines, Inc.,* 9 N.Y.2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526, 1961.

The only basis for applying the Iowa statutes is that the State of Iowa is the alleged situs of the decedent's death. Under the doctrine of *lex loci delicti* the situs of death would be the only consideration in the selection of the applicable law. The arbitrary nature of the doctrine is quite evident in this case where determination of the applicable law is based upon what spot in the Mississippi River the decedent met his death. Realization of unjust and anomalous results which may ensue from an application of *lex loci delicti* leads us to believe that a "most significant contacts" rule best serves the interests of the State and the parties involved in a multi-State tort action. The record in this case clearly establishes that Illinois has the most significant contact with the action.

Finally, plaintiff argues that the doctrine of *lex loci delicti* is constitutionally required under either the full-faith-and-credit clause or the due-process clause of the United States constitution. The cases cited by plaintiff do not uphold this argument. While a court may not restrict itself to actions arising within its jurisdiction (*Hughes* v. *Fetter,* 341 U.S. 609, 95 L. Ed. 1212, 71 S. Ct. 980), a court may apply the law of its jurisdiction to an out-of-State occurrence where there is a substantial relationship to the activity in question. In *Richards* v. *United States*

(1962), 369 U.S. 1, 7 L. Ed. 2d 492, 82 S. Ct. 585, the court stated: "Where more than one State has sufficiently substantial contact with the activity in question, the forum State, by analysis of the interest possessed by the States involved, could constitutionally apply to the decision of the case the law of one or another State having such an interest in the multi-state activity. Thus, an Oklahoma State court would be freed to apply either its own law, the law of the place where the negligence occurred, or the law of Missouri, the law of the place where the injury occurred, to an action brought in its courts and involving this factual situation." (369 U.S. at 15, 7 L. Ed. 2d at 501.) We can find no constitutional objection to an application of a "most significant contacts rule" under the circumstances of this case.

Thus, Illinois law concerning liability rather than Iowa law was applicable, and the trial court rightly dismissed the complaint for not stating a cause of action. We therefore affirm the decision of the appellate court.

We are aware that the views expressed herein may create hardship in other cases filed in reliance upon the doctrine of *lex loci delicti*. In such cases where hardship would result, the rules expressed herein shall not apply. See: *Molitor v. Kaneland Com. Unit Dist.*, 18 Ill.2d 11, 27 and cases cited therein.

*Judgment affirmed.*

Mr. JUSTICE BURT took no part in the consideration or decision of this case.