**Frank LESCHKIES, as Administrator of the Estate of Siegfried Leschkies, Deceased, Plaintiff,**

**v.**

**PLAYBOY CLUB OF LAKE GENEVA, INC., a Delaware Corporation, Defendant.**

No. 78 C 1744.

United States District Court, N. D. Illinois, E. D.

Jan. 29, 1979.

state a claim upon which relief can be granted. Rule 12(b)(6), F.R.Civ.P.

This is an action for wrongful death. Plaintiff's decedent, Siegfried Leschkies, an Illinois domiciliary, drowned while using a swimming pool owned and operated by the defendant in Wisconsin. The plaintiff, Frank Leschkies, is a resident and citizen of Illinois. The defendant, Playboy Club of Lake Geneva, Inc. (hereinafter Playboy) is a Delaware corporation with its principal place of business in Wisconsin. As the amount in controversy exceeds $10,000, exclusive of interest and costs, jurisdiction lies under 28 U.S.C. § 1332(a)(1).

In his complaint, plaintiff contends that certain specified acts and omissions on the part of the defendant would, when considered together, be sufficient to constitute a violation of Section 101.11 of the Wisconsin Statutes. This provision, commonly known as the "Safe Place Statute", was in full force and effect on May 5, 1976, the date of the fatal accident. Plaintiff further argues that, as a consequence of its failure to comply with the aforementioned statute, the defendant has become liable for the fatal injury suffered by Siegfried Leschkies.

The defendant, in response, has moved to dismiss the complaint for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its motion, Playboy correctly notes that a federal district court, when faced with a conflict of laws question, must follow the choice of law rules applied by the forum state. *Klaxon Co. v. Stentor Elec. Manf. Co., Inc.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 86 L.Ed. 1477 (1941). It then argues, relying primarily on *Ingersoll v. Klein,* 46 Ill.2d 42, 262 N.E.2d 593 (1970), that an Illinois state court, if confronted with a factual situation similar to that presented in the instant case, would be compelled to apply the substantive law of Illinois. Accordingly, Playboy concludes, because of his reliance on the Wisconsin "Safe Place Statute", the plaintiff has failed to state a viable claim.

Stewart C. Orzoff, Chicago, Ill., for plaintiff.

Michael J. Gibbons, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This cause comes before the court on defendant's motion to dismiss for failure to

■ In *Ingersoll,* the Illinois Supreme Court held that, in a tort action, when a conflict of laws question arises:

"the local law of the State where the injury occurred should determine the rights and liabilities of the parties, unless Illinois has a more significant relationship with the occurrence and with the parties, in which case, the law of Illinois should apply." 46 Ill.2d at 45, 262 N.E.2d at 595.

Applying these rules to the instant case, it becomes apparent that, unless it can be shown that Illinois' overall relationship to the lawsuit is more significant, the substantive law of Wisconsin must be applied.

■ When determining the significance of the forum's relationship to the pending action, Illinois courts have followed the "most significant contacts" approach set forth in this Restatement (Second) of Conflict of Laws. *Jackson v. Miller-Davis Co.,* 44 .Ill.App.3d 611, 615, 3 Ill.Dec. 161, 163, 358 N.E.2d 328, 330 (1st Dist. 1976); *see Ingersoll v. Klein,* 46 Ill.2d at 47–48, 262 N.E.2d at 596. *See also Kramer v. McDonald's System, Inc.,* 61 Ill.App.3d 947, 957, 19 Ill.Dec. 21, 30, 378 N.E.2d 522, 531 (1st Dist. 1978). With regard to tort actions, the Second Restatement provides that certain contacts are to be evaluated in accordance with their relative importance to the particular issues presented by the lawsuit. The contacts to be considered include:

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

(c) the domicile, residence, and nationality, place of incorporation and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered. Restatement (Second) Conflict of Laws § 145; *Jackson v. Miller-Davis Co.,* 44 Ill.App.3rd at 615, 3 Ill.Dec. at 164, 358 N.E.2d at 331; *see Ingersoll v. Klein,* 46 Ill.2d at 47–48, 262 N.E.2d at 596.

The Restatement further provides that the above-mentioned contacts are to be evaluated in light of those underlying policy factors important to the tort area, which include among them the relevant policies of the forum and the relevant policies of any other state which may have a dominant interest in the determination of a particular issue being considered. Restatement (Second) Conflict of Laws §§ 6, 145; *Jackson v. Miller-Davis Co., id.*

■ In the instant action, Wisconsin is clearly the state with the greatest number of contacts. It is where both the injury and the conduct causing the injury occurred, as well as being the place where the relationship between the parties was centered. In addition, it is where the defendant has its principal place of business. Illinois' only contacts with the litigation center on the fact that the plaintiff and his decedent were both citizens of that state. As the Second Restatement notes, however, it is the law of the state with the most significant contacts, not simply the greatest number, which will govern. The contacts of each jurisdiction, therefore, must be evaluated by this court, in a manner consistent with that followed by the Illinois courts, as to their relevance and importance.

■ When, as is the situation here, the issue involves standards of conduct, the Illinois courts have taken the position that the place of the injury and the place of the conduct causing the injury are the contacts which play the most important role in determining which state has the most significant relationship to the litigation. *Jackson v. Miller-Davis Co.,* 44 Ill.App.3d at 616, 3 Ill.Dec. at 164, 358 N.E.2d at 331; *see Kramer v. McDonald's System, Inc.,* 61 Ill.App.3d at 957, 19 Ill.Dec. at 30, 378 N.E.2d at 531. This view is also expressed in the Second Restatement. *See* Restatement (Second) Conflict of Laws §§ 145, 145 comments d & e, 146 comment e. As was noted previously, in the instant case both the injury and the conduct giving rise to the fatal occurrence took place in Wisconsin. Under such circumstances, it seems clear that the Illinois courts would not, as a matter of policy, find Illinois to be the state with the most significant relationship to the litigation. Accordingly, under the dictates of *Ingersoll,* the law of Wisconsin should be

the one which determines the rights and liabilities of the parties. 46 Ill.2d at 45, 262 N.E.2d at 595.

A finding that the law of Wisconsin should govern is especially appropriate in the present action. Here, the defendant, Playboy, is the owner and operator of a large resort in Wisconsin. Through advertising and other means, it has sought to attract residents of other states to this Wisconsin facility. One such person was Siegfried Leschkies, an Illinois domiciliary, who at the time of his injury was a paying guest at the Playboy resort. Thus, in contrast to the situation presented in *Ingersoll,* it was the fact that the plaintiff's decedent was a citizen of Illinois that was the fortuitous circumstance in the instant case. All of the other factors of consequence relate solely to Wisconsin.

■ One final point merits brief discussion. The amount of the plaintiff's possible recovery is not limited under Wisconsin law. Accordingly, any interest Illinois has in seeing that Frank Leschkies, as an Illinois resident, is able to recover to the full extent of his injury will not be affronted by the application of the other state's law. Wisconsin, however, has demonstrated through the enactment of the aforementioned "Safe Place Statute", Wis.Stat. § 101.11, a strong interest in regulating certain types of conduct within its borders. The Wisconsin statute, unlike any comparable Illinois law, imposes a higher standard of care on Wisconsin residents who are engaged in certain specified activities. The defendant clearly is one of those residents Wisconsin wishes to control through enforcement of the "Safe Place Statute". It would, then, defeat a strong Wisconsin policy interest if Illinois law were applied in the instant case. Therefore, in view of the factual situation presented, and keeping in mind that no Illinois interests would be appreciably furthered by the application of the forum's law, it would seem unwarranted and inappropriate to follow Illinois law under the circumstances.

Accordingly, for the reasons stated above, the defendant's motion to dismiss is denied.