NORTHLAND INSURANCE COMPANY, Plaintiff,

v.

TRUCKSTOPS CORPORATION OF AMERICA, d/b/a Truckstops of America, Defendant.

Susan Mae SMITH, as Special Administrator of the Estate of Willie Earl Powell, Deceased, Plaintiff,

v.

TRUCKSTOPS CORPORATION OF AMERICA, a foreign corporation; Truckstops Corporation of America, d/b/a Truckstops of America, a foreign corporation; B.P. Exploration and Oil, Inc., a foreign corporation; and British Petroleum America, Inc., a foreign corporation, Defendants.

Nos. 92 CV 3357, 92 CV 8265.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 18, 1995.

Gerald C. Bender, Law Office of Gerald C. Bender, Chicago, IL, Michael A. Pollack, Law Offices of Robert W. Kohn, Milwaukee, WI, for Northland Insurance Co., et al.

Joseph Stalmack, Galvin, Stalmack & Kirschner, Hammand, IN, for Truckstops Corp. of America.

## MEMORANDUM AND ORDER

MORAN, Senior District Judge.

On November 16, 1991, Willie Powell, a Wisconsin resident employed as a truck driver by a Wisconsin company, stopped at a Truckstops of America (TSA) facility just south of the state line in Illinois for some brake work. He thereafter headed south on a trip for his employer. The following day he was killed in an accident in Tennessee, allegedly because his brakes failed. A Wisconsin court thereafter declared a minor, Ian Willie Powell, to be the decedent's son; the employer in Wisconsin paid workers' compensation; an estate was opened in Wisconsin and the administratrix, who is also Ian's mother, brought this action in state court in Illinois. That action was removed. The parties now seek a ruling on what law applies.

■ We look to the law of Illinois, the forum, to determine what law applies. Illinois follows the most significant relationship standard, *Ingersoll v. Klein,* 46 Ill.2d 42, 262 N.E.2d 593 (1970), but that extends beyond a simple counting of contacts. We must engage in an interest analysis, and that requires us first to isolate the issue, then to identify the policies embraced in the laws in conflict and, finally, to examine the contacts of the respective jurisdictions to ascertain which has a superior interest in having its policy or law applied. *Mitchell v. United Asbestos Corp.,* 100 Ill.App.3d 485, 55 Ill.Dec. 375, 426 N.E.2d 350 (5th Dist.1981). Unfortunately, the parties have referred only obliquely to the issues involved and the policies embraced in the laws in conflict. Both specify that the law applicable to damages is a major issue and they indicate that Illinois law is more favorable to beneficiaries in a death case than in Wisconsin law. That indication is perhaps confirmed by plaintiff arguing for the application of Illinois law and TSA contending that Wisconsin law should control on that issue. TSA also suggests that Tennessee law should be considered because the decedent's contributory negligence is an issue. We are not advised, however, whether or not Tennessee law on contributory negligence differs from that of Wisconsin and Illinois. Further, if there is a difference we can then decide whether Tennessee law

should control that issue. The fact that the accident happened in Tennessee is, for damages issues, a fortuitous event. We must deal with different issues separately. *Vantassell–Matin v. Nelson,* 741 F.Supp. 698 (N.D.Ill.1990). If, for example, the issue related to any liability of the employer, it is evident that Wisconsin would have a significant interest.

■ But what about damages? If we look to such interests as affording full recovery, deterrence, and protection of defendants from excessive financial burdens, the interests of Wisconsin are minimal. It has little reason to restrict the recovery of Wisconsin domiciliaries from a company that does no business in Wisconsin, or in protecting that business from excessive financial burdens, and its interest in deterring negligent conduct by an Illinois business, if it has any such interest, is hardly furthered by restricting any recovery for that wrongdoing. Illinois, on the other hand, while it has no particular interest in enriching Wisconsin domiciliaries, is directly concerned with deterring negligent conduct in Illinois, *Miller v. Long–Airdox Co.,* 914 F.2d 976 (7th Cir.1990), *Kaczmarek v. Allied Chemical Corp.,* 836 F.2d 1055 (7th Cir.1987), and it cannot believe that its own law unfairly burdens defendants. Interest analysis sometimes relies upon the assumption underlying diversity jurisdiction, that states may tend to be somewhat chauvinistic—have greater concern for the interests of their own citizens over those of "foreigners." *See Pittway Corp. v. Lockheed Aircraft Corp.,* 641 F.2d 524 (7th Cir.1981). In any event, we think Illinois has a superior interest with respect to damages issues and that its law applies.

TSA's motion *in limine* is denied.