# Illinois Official Reports

## Appellate Court

> ### *Denton v. Universal Am-Can, Ltd.*, 2015 IL App (1st) 132905

| | |
|---|---|
| Appellate Court Caption | JAMES AND THERESA DENTON, Plaintiffs-Appellees, v. UNIVERSAL AM-CAN, LTD., a Corporation; UNIVERSAL TRUCKLOAD SERVICES, INC., a Corporation; DAVID LEE JOHNSON AND LOUIS BROADWELL, LLC, Defendants-Appellants (OMG, Inc., a Corporation; RFX, Inc., a Corporation; and Michael A. Twardak, Defendants). |
| District & No. | First District, Third Division<br>Docket No. 1-13-2905 |
| Filed | January 14, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a personal injury action arising from a chain reaction collision on an Indiana interstate highway involving multiple cars and trucks when one driver was proceeding northbound on a southbound lane, the appellate court answered a question certified under Supreme Court Rule 308 as to whether Illinois law or Indiana law should be applied to the issues of liability and damages in the case by concluding that Indiana law should apply because Indiana has more significant contacts with the suit and policy reasons, including Indiana's law maintaining that defendants can only be held severally liable for their own percentage of fault, the Indiana law allowing defendants to prove the negligence of an absent or settling tortfeasor, and the Indiana law allowing defendants to defend by attempting to persuade the jury that a nonparty, such as the wrong-way driver, was responsible for the collisions; therefore, the trial court's judgment in favor of applying Illinois law was reversed and the cause was remanded for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-L-3085; the Hon. William E. Gomolinski, Judge, presiding. |

| | |
|---|---|
| Judgment | Reversed; remanded. |
| Counsel on Appeal | Carlton D. Fisher, Stephen S. Swofford, and Timothy G. Shelton, all of Hinshaw & Culbertson LLP, of Chicago, for appellants. |
| | James M. Roche, of Theisen & Roche, Ltd., of Wheaton, for appellees. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion. Justices Hyman and Mason concurred in the judgment and opinion. |

## OPINION

¶ 1 Plaintiffs James and Theresa Denton, Illinois residents, filed a personal injury action against defendants Universal Am-Can, Ltd.; Universal Truckload Services, Inc.; David Lee Johnson; and Louis Broadwell, LLC, among others, for a vehicular accident that occurred on an interstate highway in Jasper County, Indiana. When presented with defendants' choice-of-law motion for application of Indiana law, the circuit court instead ruled that Illinois law applied. On defendants' motion, the circuit court granted leave to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 308 (eff. Feb. 26, 2010) and certified the following question for our review: "Whether Illinois law or Indiana law should be applied to the issues of liability and damages in the present case." Contrary to the circuit court, we conclude that Indiana law governs the liability and damages issues in this case. We therefore reverse the judgment of the circuit court and remand for further proceedings consistent with our judgment.

¶ 2                                 BACKGROUND

¶ 3 This litigation stems from a multivehicle accident that occurred around noon on February 8, 2011, on Interstate 65 (I-65) in Indiana. The record reveals that Indiana resident George Kallis,[1] who is now deceased, drove northbound on the southbound lane of I-65, setting off an unfortunate chain reaction of collisions. The vehicles endeavored to avoid the Kallis vehicle, and the semi-tractor trailer truck driven by David Lee Johnson ultimately rear-ended Denton's vehicle. In particular, a police report taken at the time revealed that upon seeing Kallis driving the wrong way, two vehicles slowed and moved to the side. Denton crashed into one of these vehicles and was then propelled into the middle of the highway. Johnson subsequently rear-ended Denton, shoving his car into another vehicle on the side. Denton suffered physical injuries and his wife claimed a loss of consortium.

---

[1]Plaintiffs dispute that Kallis was, and his estate now is, a nonparty Indiana resident not subject to the jurisdiction of Illinois. Before the trial court, defendants repeatedly represented Kallis or his estate as residing in Indiana and as a party not subject to Illinois's jurisdiction. Plaintiffs did not object to these repeated characterizations and as such are precluded from doing so now on appeal. See *Grainger v. Harrah's Casino*, 2014 IL App (3d) 130029, ¶ 32.

Plaintiffs ultimately received a $100,000 settlement from the Kallis estate. Plaintiffs then filed this case in Illinois, claiming truck driver Johnson was negligent, essentially for failing to keep a proper lookout and failing to reduce speed, resulting in the collision with Denton's vehicle. Plaintiffs alleged the defendants who are party to this appeal either hired Johnson or leased Johnson's truck and, given Johnson's license suspensions, tickets and otherwise allegedly checkered driving record, they were also negligent for hiring him or leasing him the truck. The defendants, in turn, filed answers and affirmative defenses alleging in pertinent part that a third party proximately caused the accident, the damages resulted from nonparties (namely, Kallis), and alleging that Indiana law barred or diminished the claim. Then, within days of plaintiffs' Illinois lawsuit, defendants Universal Am-Can, Ltd., Broadwell, and Johnson filed their own negligence action in Indiana against both Kallis and Denton.

¶ 4    The pleadings, taken altogether, reveal that Universal Am-Can was a Michigan corporation that conducted continuous business in Illinois and also did business in Indiana, but both Universal Truckload Services, Inc. (also a Michigan corporation), and Broadwell (a South Carolina corporation) denied the same allegation. On appeal, defendants have acknowledged that the corporate defendants, although domiciled elsewhere, did business in Illinois. Additionally, Johnson was a South Carolina resident, and Denton was traveling in Indiana for business. The other defendants, who are not party to this appeal, included driver Michael Twardak, an Illinois resident, RFX, Inc. (allegedly a Massachusetts corporation), and OMG, Inc. (allegedly a Delaware corporation).

¶ 5    The exact relationship of the corporate defendants is not clear from the record. According to the trial court order, RFX apparently entered into a subcontract with Universal Am-Can to transport goods for OMG from OMG's facility in Illinois. From the pleadings, Universal Truckload Services appears to have been somehow involved in the contract or subcontract. The pleadings also show that Broadwell, an employee of Universal Am-Can, hired Johnson. Universal Am-Can admitted Johnson was acting as a qualified driver on its behalf. A bill of lading in the supplemental record shows that truck driver Johnson retrieved goods from OMG in Illinois for delivery to South Carolina, and he apparently was en route when the accident happened.

¶ 6    Defendants filed a motion to dismiss the case arguing improper venue, and a hearing followed with all parties, save Twardak, present. The trial court denied the motion to dismiss, and defendants subsequently filed a choice-of-law motion to apply Indiana, rather than Illinois, law in this case. The trial court also denied that motion, and this timely interlocutory appeal followed.

¶ 7                                         ANALYSIS

¶ 8    Defendants now argue, as they did below, that Indiana law should apply to the present case. In essence, defendants argue that Indiana law ought to apply, given that it was an Indiana resident wrong-way driver whose negligence triggered the chain reaction that ended with Denton's vehicle being rear-ended by Johnson. Were Indiana law to apply, as compared to Illinois law, defendants argue, their financial exposure would be far less than the potential exposure under Illinois law, centered mainly upon how the two states deal with contribution, nonparty negligence, along with joint and several liability. This is not an insignificant observation, because a choice-of-law determination is required only when a difference in the law of the states will affect the outcome of a case, as analyzed in light of the forum state.

*Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (2007); *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 408 Ill. App. 3d 722, 725 (2011). When conducting a choice-of-law analysis in tort cases, Illinois has adopted the approach found in the Restatement (Second) of Conflict of Laws, which provides that the rights and liabilities for a particular issue should be governed by the jurisdiction with the most significant relationship to the occurrence and the parties. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 61 (2007); *Gregory v. Beazer East*, 384 Ill. App. 3d 178, 196-97 (2008).

¶ 9 Defendants argue they sufficiently alleged that a different outcome favors application of Indiana law. Defendants specifically allege that were Illinois law to apply, they would effectively be barred from arguing that Kallis "was a major or predominant cause" of plaintiffs' injuries, or pursuing apportionment of fault to a settling party. Applying the *de novo* standard of review to the question of law before us, we are compelled to agree. See *Townsend*, 227 Ill. 2d at 153-54.

¶ 10 There can be no serious doubt that the relevant tort law of Illinois and Indiana is quite different. First, the two states have different approaches to allocating fault among joint tortfeasors. In Illinois, all defendants found liable are jointly and severally liable for the plaintiff's past and future medical expenses. 735 ILCS 5/2-1117 (West 2012). A defendant who is at least 25% at fault is jointly and severally liable for all other damages, as well, while a defendant whose fault falls below this 25% threshold is only severally, or proportionately, liable for all other damages. *Id*. Under Illinois's joint and several liability law, if Johnson were found responsible for 25% of the damages caused to plaintiffs, then he could nonetheless be responsible for the full amount of damages.

¶ 11 Indiana, by contrast, maintains that defendants can only be held severally liable for their own percentage of fault. *R.L. McCoy, Inc. v. Jack*, 772 N.E.2d 987, 989-90 (Ind. 2002); see also Ind. Code Ann. § 34-51-2-8 (West 2012). Moreover, Indiana law allows a defendant to prove the negligence of an absent or settling tortfeasor. *McCoy*, 772 N.E.2d at 990; see also Ind. Code Ann. § 34-51-2-14 (West 2012); *cf. Ready v. United/Goedecke Services, Inc.*, 232 Ill. 2d 369, 383, 385 (2008). Under Indiana law, therefore, defendants could defend this case by attempting to persuade the jury that Kallis (even though a nonparty) was entirely responsible or overwhelmingly responsible given the fact that his obvious negligence seems to have set everything else into motion.

¶ 12 By contrast, in Illinois, tortfeasors who have settled in good faith and who have been dismissed from the lawsuit are exempt from section 2-1117 of the Code of Civil Procedure (735 ILCS 5/2-1117 (West 2012)) and therefore may not be apportioned fault by the trier of fact. *Ready*, 232 Ill. 2d at 385. The trier of fact can only consider the fault of settling tortfeasors if there is evidence to suggest fault by the settling tortfeasors and if plaintiff is allegedly contributorily negligent. Illinois Pattern Jury Instructions, Civil, No. B45.03.A (2012) (citing *Bofman v. Material Service Corp.*, 125 Ill. App. 3d 1053, 1064 (1984)). Settling tortfeasors, nonetheless, are immune from suits for contribution. 740 ILCS 100/2(d) (West 2012). Under Illinois law, Johnson would be precluded from obtaining any contribution from the Kallis estate, assuming it and plaintiffs settled in good faith. See *In re Guardianship of Babb*, 162 Ill. 2d 153, 160 (1994) (noting the contribution law); see also 740 ILCS 100/2(d) (West 2012). (Parenthetically, we note that while plaintiffs moved for a good-faith finding regarding their settlement with Kallis, defendants opposed the finding. The record does not reveal a ruling on plaintiffs' motion.)

- 4 -

¶ 13    As the law cited above makes clear, the two states present substantially different ways of apportioning fault and damages. The differences are clearly more advantageous to the defendants than plaintiffs, which fits with plaintiffs' decision to file in Illinois and explains why defendants urge us to apply Indiana law. Plaintiffs nonetheless contend defendants failed to set forth an adequate record to support the conclusion that the differences between the respective state laws will affect the outcome in this case. We disagree. In an attempt to so persuade us, plaintiffs suggest we disregard the fact that the wrong-way driver was the precipitating factor in this chain-reaction accident. In fact, plaintiffs would have this court perform a jurisprudential "fact-ectomy" and have us only consider that their car was rear-ended by Johnson's truck. Plaintiffs justify this tack by arguing that the police report concerning this accident is not properly in the record and any references ought to therefore be stricken. We respectfully decline to apply a judicial blindfold. We observe that defendants appended the report to their motion to dismiss for improper venue, the denial of which prompted the choice-of-law motion at issue now. In their motion, defendants specifically argued Kallis was an indispensable party over whom Illinois courts simply had no jurisdiction. We therefore find that the accident report was before the trial court and can be referenced in this matter *sub judice*. It also merits mention that plaintiffs did not object to its presentation before the trial court and thus appear to have forfeited the matter. See *Grainger v. Harrah's Casino*, 2014 IL App (3d) 130029, ¶ 32. What is more, during the motion-to-dismiss hearing, plaintiffs' counsel averred that Kallis drove northbound in southbound lanes and "caused this huge accident," involving multiple cars. At the hearing, defense counsel then recounted the facts whereby Kallis entered the highway driving the wrong way, then encountered Twardak, and three miles later, Denton. Denton was thereafter rear-ended by Johnson. Counsel for plaintiffs did not then object to this rendition of the facts, which generally mirrored the police report, or to the defendants' reliance on the police report.

¶ 14    We thus are unmoved by plaintiffs' assertion that "defendants are forcing this court to engage in speculation as to whether Mr. Kallis, or any other individual, is at fault for the crash that forms the basis of this lawsuit." This case is still at the pleading stage, and we cannot speculate as to the level of fault Kallis represents but, based on the parties' rendition of the facts before the trial court, we can safely say Kallis was the principal protagonist in the accident giving rise to the Illinois lawsuit. Moreover, we observe that taking plaintiffs' argument to its logical conclusion, no multivehicular tort case could ever survive a pretrial choice-of-law motion because fault cannot be apportioned until trial.

¶ 15    In light of plaintiffs' above-stated forfeiture and concessions, we also reject their alternative assertion that we cannot consider the facts from the police report because police reports are generally not admissible in evidence, as they contain conclusions and hearsay. See *Kociscak v. Kelly*, 2011 IL App (1st) 102811, ¶ 25. Even absent the concessions, we note that police reports have been admitted into evidence, provided there is a proper foundation, as past recollection recorded or for use in impeachment. *Id*.

¶ 16    In their last effort to show the outcome would not change based on the respective states' laws, plaintiffs also assert that defendants cannot even utilize Indiana's "nonparty" defense because it was not timely raised in the statute of limitations period under Indiana law. See Ind. Code Ann. § 34-51-2-16 (West 2012). We reject this argument for two reasons. First, up until this point, the parties have proceeded assuming Illinois law applies. There would be no reason for the defendants to follow the rules of Indiana, by pleading a nonparty defense that

is unavailable under Illinois law, when defending an Illinois lawsuit. See Restatement (Second) of Conflict of Laws § 161 (1971) ("The law selected by application of the rule of § 145 determines what defenses to the plaintiff's claim may be raised on the merits."); see also Restatement (Second) of Conflict of Laws § 173 (1971) (same regarding contribution or indemnity). Defendants acknowledge as much by citing the Illinois statute for the two-year period within which the lawsuit had to be filed. Second, plaintiffs have cited a procedural rule (*i.e.*, a statute of limitations rule) under Indiana law to defeat the question of which state's substantive law should apply. However, "[i]n conflict of laws cases, matters of procedure are governed by the law of the forum [citation], while the law of the State with the most significant contacts controls substantive matters." *Boersma v. Amoco Oil Co.*, 276 Ill. App. 3d 638, 645 (1995); see also *Freeman v. Williamson*, 383 Ill. App. 3d 933, 938-39 (2008) (same); Restatement (Second) of Conflict of Laws § 127 (1971). The requirements of pleading are procedural, and therefore Illinois law should apply. *Boersma*, 276 Ill. App. 3d at 646. It is worth noting that defendants raised the substantive nonparty affirmative defense in their answer to plaintiffs' first-amended complaint and as part of their objection to plaintiffs' proposed good-faith finding on the Kallis settlement. Defendants thus appear to have complied with Illinois procedural rules in that regard. See 735 ILCS 5/2-613 (West 2012). In short, plaintiffs have failed to adequately develop their argument that a procedural rule from another state can be used to dispose of the present choice-of-law question. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008); *Grainger*, 2014 IL App (3d) 130029, ¶ 32.

¶ 17    Lastly, plaintiffs argue that since there is no good-faith finding on their settlement with Kallis, nothing precludes defendants from seeking contribution from Kallis, and therefore, the laws of the two states offer the same outcome. From the discussion above, the very fact that the states have different ways of allocating fault–with Illinois placing the burden on defendants and Indiana placing the burden on plaintiffs–arguably leads to a different outcome in this multivehicle car accident case. For the foregoing reasons, plaintiffs' varying attempts to avoid applying the choice-of-law analysis must fail.

¶ 18    Having established how the differences between Indiana and Illinois law might affect the outcome of the case, we next consider which state has a more significant relationship to the case. The entire litigation must be considered in assessing which forum has the more significant contacts with the litigation. *Gregory*, 384 Ill. App. 3d at 196.

¶ 19    There is a legal presumption that the local law of the state where the injury occurred applies in determining the rights and liabilities of the parties unless Illinois has a *more* significant relationship to the conflict. *Townsend*, 227 Ill. 2d at 164-65. In other words, " 'in the absence of unusual circumstances, the highest scorer on the "most significant relationship" test is–the place where the tort occurred.' " *Id.* at 165 (quoting *Spinozzi v. ITT Sheraton Corp.*, 174 F.3d 842, 844 (7th Cir. 1999)). To test this presumption, we must generally consider (1) the relevant policies of the forum; (2) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; and (3) the basic policies underlying the particular field of law. *Townsend*, 227 Ill. 2d at 170. Along with these principles, we consider connecting factors like (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship, if any, between the parties is centered. *Id.* at 160; see also Restatement (Second) of Conflict of Laws § 145 (1971). We consider the latter factors

first while noting that our goal is not merely to "count contacts," but to meaningfully analyze each contact in light of the policies at hand. See *Townsend*, 227 Ill. 2d at 168.

¶ 20                                The Place Where the Injury Occurred

¶ 21     Here, the injury took place in Indiana. The first factor thus favors defendants. Plaintiffs, tracking the trial court's order, now argue that the place where the injury occurred was merely "fortuitous," so that it should be disregarded. The cases cited by plaintiffs involve situations in which either all of the parties were domiciled in the same state, the conduct giving rise to the injury occurred in a different state than where the injury occurred, or the parties had a prior relationship that was clearly centered in a different state. See *Murphy*, 408 Ill. App. 3d at 727-30; *Miller v. Hayes*, 233 Ill. App. 3d 847, 849-51 (1992); *Schulze v. Illinois Highway Transportation Co.*, 97 Ill. App. 3d 508 (1981). None of those factors necessarily applies here, as we will fully explicate below. Notably, *Miller* and *Schulze* were decided *before Townsend*, which clearly places an emphasis on honoring the law of the state where the injury originates unless another state has *more significant* contacts.

¶ 22     Moreover, Denton was in Indiana for work-related reasons. Kallis was a resident of Indiana, and Johnson was also driving his truck through Indiana on a work-related assignment. Given that Indiana appears to be the focal point of the parties' activity and that this was a multicar accident, we cannot say the location was merely haphazard or incidental to their interstate travel. In other words, the injury could not have just as easily occurred in any other state. We thus conclude the location of the injury weighs in favor of applying Indiana law. See Restatement (Second) of Conflict of Laws § 145 cmt. f (1971) ("the place of injury is of particular importance in the case of personal injuries"). We note that even if the situs of the injury were "fortuitous," our conclusion would not change because the following factors, considered in totality and weighed against the tort policies, favor honoring the presumption that Indiana law should apply to this case.

¶ 23                         The Place Where the Conduct Causing the Injury Occurred

¶ 24     There is no question that the conduct causing the injury also took place in Indiana. A court's consideration of injury-causing conduct in a section 145 analysis includes all conduct from any source contributing to the injury. *Townsend*, 227 Ill. 2d at 169. Indiana is where Kallis drove the wrong way on a highway, causing a major chain reaction of accidents. It is also where, in the midst of Kallis's unruly driving, Johnson was allegedly negligent with regard to Denton. That is, if we were to say there were a direct relationship between the allegedly negligent conduct of Johnson and the injury Denton suffered, that relationship would have to be in Indiana. It is also the place where Denton would have been contributorily negligent. Here, the trial court nonetheless essentially found the negligent hiring/entrustment causes of action detracted from the significant contacts in Indiana. Noting that it was not clear where the agreements were entered into, the court held this factor weighed in neither party's favor. See *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998) (noting the proximate cause of the plaintiff's injury is the employer's negligence in hiring or retaining the employee rather than the employee's wrongful act). We disagree. While the negligent hiring of Johnson might have taken place elsewhere, plaintiffs could not bring such a claim unless the negligent conduct and resulting injury first occurred in Indiana. Additionally, proximate cause is an essential element of any negligence action and, although

an employer may have negligently hired someone who caused harm to another, liability will only attach if the injuries were brought about by reason of the employment of the unfit employee. *Carter v. Skokie Valley Detective Agency, Ltd.*, 256 Ill. App. 3d 77, 80 (1993). Intervening causes, such as the negligence of another driver, can destroy a negligent hiring action because one might say the injury did not occur by virtue of the employment. See *id.* at 80-83. Here, the present record demonstrates that the best way to understand any possible intervening cause would be to analyze the conduct that occurred in Indiana. That the goods Johnson was delivering originated with a truckload in Illinois is of no moment because that fact has little effect on analyzing whether there was first any negligent conduct relating to the accident in Indiana. Likewise, the record is unclear as to where the hiring/entrustment agreements were entered into, let alone exactly how they were entered into, so we cannot judge that allegedly tortious conduct. Moreover, since agreements can be made from varying states over the telephone or Internet, we do not believe this should be the deciding factor in our analysis. In short, but for the alleged physical harm to Denton occurring in Indiana, there would be no facts upon which to base a negligent hiring claim. Thus, as we analyze the particular causes of action asserted here, the case for applying Indiana law is even stronger.

¶ 25                    The Domicile, Residence, Nationality, Place of Incorporation,
                              and Place of Business of the Parties

¶ 26     The plaintiffs are residents of Illinois, as is one other defendant, Twardak (who is not party to this appeal).[2] In pleadings, only defendant Universal Am-Can, Ltd., a Michigan corporation, acknowledged that it conducted continuous business in Illinois. As stated, on appeal, both parties seem to agree that all of the corporate defendants did business in Illinois. Universal Truckload Services, Inc., is a Michigan corporation. Louis Broadwell resides in South Carolina, as does Johnson. RFX is allegedly a Maryland corporation, and OMG is allegedly a Delaware corporation, although neither is party to this appeal. Kallis was an Indiana resident. Again, Denton was traveling to Indiana for business, and Johnson was passing through for business purposes. In sum, the parties have varying residences and places of incorporation. While the injury occurred in Indiana, several parties reside and do business in Illinois. As a result, this factor is a wash and does not weigh in any particular party's favor.

¶ 27          The Place Where the Relationship, if Any, Between the Parties Is Centered

¶ 28     But for their travels through Indiana, these parties would have no relationship. To the extent they have a relationship, it is clearly centered in Indiana.

¶ 29                                  Policy Considerations

¶ 30     Based on the foregoing, we observe three factors favor application of Indiana law and one factor is a wash. As a result, we conclude that Indiana has more significant contacts to the present action than Illinois. We next consider the section 6 factors and conclude that

---

[2]Notably, neither party makes a distinction between domicile and residence. While a domicile is usually a person's home/residence, that is not always the case since domicile is a permanent abode while a residence might be temporary. See Restatement (Second) of Conflict of Laws §§ 11, 12 (1971). We will assume residence means domicile at this stage in the proceedings.

while Illinois has an interest in compensating its residents/domiciliaries for injuries, this interest does not outweigh that of Indiana to maintain safe highways or to protect individuals and businesses from being apportioned a greater cost in negligence actions. Considering the aforementioned contacts in the context of general principles applicable to personal injury actions under section 6 (see *Townsend*, 227 Ill. 2d at 169-70), we cannot say that Illinois's relationship to this case is so pivotal as to overcome the presumption that Indiana law should apply.

## CONCLUSION

Based on the foregoing, in answering this choice-of-law certified question, we conclude the substantive law of Indiana should apply because Indiana has more significant contacts with the lawsuit, and policy reasons also support the application of Indiana law. We reverse the judgment of the circuit court ruling in favor of the application of Illinois law and remand for further proceedings consistent with this opinion.

Reversed; remanded.