JUNE AMUNDSON *et al.*, Plaintiffs-Appellees, Cross-Appellants, *v.* EDIE ASTRIN, Defendant-Appellant, Cross-Appellee.

(No. 57230;

First District (4th Division)—November 21, 1973.

Epton, McCarthy & Druth, Ltd., of Chicago (Bernard E. Epton, Alan R. Miller, and Robert M. Marder, of counsel), for appellant.

Arnold and Kadjan, of Chicago (Daniel N. Kadjan, of counsel), for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from an action brought to recover damages occasioned by the alleged negligence and/or wilful and wanton conduct of the defendant in a one-car accident in the State of Wisconsin. The case was tried before a jury under Illinois law, and judgment was entered upon a verdict awarding plaintiff June Amundson $10,000 and plaintiff Margaret A. Daily $500. The jury further found in response to a special interrogatory that the defendant was not guilty of wilful and wanton conduct.

On appeal, the defendant-appellant presents the following issue for review:

> "Whether the plaintiffs were guests in defendant's vehicle and whether the trial court erred in denying defendant's motion for (1) the court to arrest entry of the judgment and enter a judgment for defendant notwithstanding the verdict, (2) a new trial, or (3) entry of an order of remittitur."

Plaintiffs filed a cross-appeal urging us to consider whether the rule of "significant contacts" was misapplied by the trial court in this instance. They contend that the law of the situs of the tort (Wisconsin) should have governed all issues at the trial. Alternatively, plaintiffs assert that

even under the law of "significant contacts" as set forth in *Ingersoll v. Klein* (1970), 46 Ill.2d 42, 262 N.E.2d 593, Wisconsin law should have governed.

On February 13, 1966, plaintiffs were passengers in an automobile driven by defendant which was involved in a one-car accident on a road in northern Wisconsin. The three women, all roommates living in Illinois, had driven to Wisconsin to attend a wedding and were on their way back to Illinois when the accident occurred.

Plaintiffs filed their complaint in Cook County, Illinois, on May 11, 1967. Illinois at the time had a Guest Act (Ill. Rev. Stat. 1965, ch. 95½, § 9—201); Wisconsin did not. On January 14, 1970, the motion court ordered the case tried pursuant to the laws of the State of Illinois. A verdict was returned for the plaintiffs on the issue of negligence but the jury further found in response to a special interrogatory that the defendant was not guilty of wilful and wanton conduct.

■■ On May 7, 1970, the Supreme Court of Illinois decided *Ingersoll v. Klein* (1970), 46 Ill.2d 42, 262 N.E.2d 593, wherein it declared that lex loci delicti shall no longer apply in tort cases in Illinois and substituted therefor the doctrine of *most significant contacts*. In changing the law in Illinois, Mr. Justice Kluczynski said:

> "We are aware that the views expressed herein may create hardship in other cases filed in reliance upon the doctrine of *lex loci delicti*. In such cases where hardship would result, the rules expressed herein shall not apply. See: *Molitor v. Kaneland Com. Unit Dist.*, 18 Ill.2d 11, 27 and cases cited therein."

Plaintiffs contend that hardship to their cause was inherent as a result of applying Illinois law at trial. They urge that the application of the Illinois Guest Statute made it more difficult for them to recover since it required proof that they were not guests within the meaning of the statute or, in the alternative, that the defendant was guilty of wilful and wanton misconduct.

The defendant asserts that there is no indication as to where any hardship to plaintiffs was created. Further, defendant argues that the application of Wisconsin law would be a step backward from *Ingersoll*. They contend that Illinois law was properly applied since every conceivable contact was within Illinois except that the accident occurred in Wisconsin.

We agree with the defendant that Illinois was the state with the most significant relationships to the occurrence. However, we are also of the opinion that the change in the law announced in *Ingersoll* created a hardship on these plaintiffs. When plaintiffs filed their complaint on May 11, 1967, Illinois law provided that the laws of the place of wrong should

be applied in tort cases. The accident occurred in Wisconsin and, under the laws of that State, simple negligence was sufficient to support liability. However, Illinois subsequently adopted the most significant relationship approach in the *Ingersoll* case; and the Illinois Guest Statute required wilful and wanton misconduct in order for a driver of an automobile to be liable for injuries sustained by his guest.

■■ We find that hardship to plaintiffs' cause was inherent as a result of the change in the law. The application of *Ingersoll* at trial required proof of wilful and wanton misconduct whereas simple negligence was sufficient under the law in effect when plaintiffs filed their complaint. Thus, the hardship suffered by these plaintiffs was the imposition of a higher degree of proof and, under *Ingersoll,* they should have been permitted to try their case under lex loci delicti or the laws of the State of Wisconsin.

■■ We therefore hold that the case before us should not have been submitted to the jury upon instructions which required proof of wilful and wanton conduct by plaintiffs. Also, upon examination of the record, we conclude that the evidence presented an issue of fact for the jury to determine under proper instruction. Plaintiffs are entitled to a new trial for adjudication of their claim under the law of the State of Wisconsin. The judgment is accordingly reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the above opinion.

Since the case must be reversed and remanded for a new trial, we do not consider it necessary to discuss the other points raised in this appeal.

Judgment reversed and cause remanded with directions.

BURMAN, P. J., and DIERINGER, J., concur.