MONTY L. MILLER, as Special Adm'r of the Estate of Suzanne Miller, Deceased, Plaintiff-Appellee, v. CARY HAYES, Defendant-Appellant.

First District (5th Division)  No. 1—91—3275

Opinion filed August 7, 1992.

Williams & Montgomery, Ltd., of Chicago (David E. Stevenson, Barry L. Kroll, and Lloyd E. Williams, Jr., of counsel), for appellant.

Loren B. Siegel, of Siegel & Siegel, and Michael L. Siegel, of Stone, McGuire & Benjamin, both of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This case arises out of a tragic, one-car accident in which a passenger in the car, Suzanne Miller, was killed when the driver and long-time friend of Miller, Cary Hayes, fell asleep at the wheel. The accident occurred on a highway in Colorado while Miller and Hayes were returning to Colorado State University after a spring-break vacation. Monty L. Miller, as special administrator of the estate of Suzanne Miller, filed suit in Illinois against Hayes alleging claims, in part, under the Illinois Wrongful Death Act (Ill. Rev. Stat. 1989, ch. 70, par. 1 *et seq.*). Hayes filed a motion to dismiss under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), alleging that the complaint failed to state a cause of action under Illinois law. Hayes argued that, under choice of law principles, Colorado law applied. The trial court denied the motion. However, the trial court entered an interlocutory order pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308), permitting defendant to pursue this appeal. This court granted the appeal.

The issue as certified by the trial court pursuant to Supreme Court Rule 308 is as follows:

"Does Illinois law apply to an automobile accident where the following facts exist:

1. Both the decedent and the defendant were residents and domiciliaries of Illinois prior to attending Colorado State University where they both paid out-of-state tuition.

2. Both decedent and defendant knew each other prior to attending college.

3. Decedent and defendant and three other students from Colorado State University left the Colorado campus on a vacation trip which would include attending concerts in different states and returning to Colorado State University.

4. The parties attended a concert on April 11, 1989, in Boulder, Colorado.

5. The parties attended concerts on April 12 and 13, 1989, in Chicago, Illinois, and while in Illinois, decedent and defendant stayed for two nights at defendant's home in Illinois.

6. Upon leaving Illinois, decedent and defendant and their companions drove to Milwaukee, Wisconsin, to attend concerts on April 15 and 16, 1989.

7. From Milwaukee, Wisconsin, decedent and defendant and two companions drove to Bloomington, Minnesota, the third

companion having elected to return to school by other means of transportation.

8. Decedent and defendant and the two remaining companions attended a concert in Bloomington, Minnesota, on April 17, 1989, and on the next day, April 18, 1989, began their trip to Colorado State University.

9. While in route, the accident occurred on a highway located in Colorado."

For the reasons stated herein, we affirm the trial court's determination that Illinois law applies.

We begin by pointing out that the applicable Colorado Wrongful Death Act (Colo. Rev. Stat. §13—21—203 (West 1987)), included a $45,000 limitation on damages where the decedent, as here, left neither a widow, a widower, a minor child, nor a dependent mother or father. The applicable Illinois Wrongful Death Act (Ill. Rev. Stat. 1989, ch. 70, par. 1 *et seq.*) did not include a limitation on damages. Other pertinent facts in this appeal are consumed in the analysis below.

OPINION

■■ ■ The Illinois Supreme Court has adopted the most significant relationship approach to determine what choice of law applies when more than one State has an interest in the outcome of an action. (*Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593.) Under this approach, the State with the most significant relationship with the occurrence and the parties determines the rights and liabilities in tort. Important factors to consider include: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. (*Ingersoll*, 46 Ill. 2d 42, 262 N.E.2d 593.) We will address each of these factors individually and then address our disposition.

■ First, it is clear that the injury occurred in Colorado. Defendant fell asleep at the wheel of the car on a Colorado highway 60 miles from the Colorado State University campus.

Second, it is not so clear that the conduct causing the injury occurred in Colorado. The occupants of the car began their return trip from Bloomington, Minnesota, and drove nonstop for over 12 hours before the accident occurred. Defendant drove the entire trip. The conduct which caused the injury was comprised of the 12 hours of driving through the various States between Minnesota and Colorado.

Third, we note that the issue as certified by the trial court provides that "both decedent and defendant were residents and domiciliaries of Illinois prior to attending Colorado State University." We now address the question of decedent's and defendant's domicile and residence at the time of the accident.

Black's Law Dictionary provides a comparison of the terms "domicile" and "residence":

"As 'domicile' and 'residence' are usually in the same place, they are frequently used as if they had the same meaning, but they are not identical terms, for a person may have two places of residence, as in the city and country, but only one domicile. Residence means living in a particular locality, but domicile means living in that locality with [an] intent to make it a fixed and permanent home. Residence simply requires bodily presence as an inhabitant in a given place, while domicile requires bodily presence in that place and also an intention to make it one's domicile." (Black's Law Dictionary 1473 (4th ed. 1968).)

We first address residence. After decedent and defendant enrolled at Colorado State University, they spent significant amounts of time at both the campus and at their family homes. Therefore, we conclude that at the time of the accident decedent and defendant had residences in both Colorado *and* Illinois. *Viking Dodge Inc. v. Hoffman* (1986), 147 Ill. App. 3d 203, 497 N.E.2d 1346.

We next address domicile. Decedent asserts in this appeal that after she enrolled at Colorado State University her domicile continued to be Wilmette, Illinois. Facts in support thereof include: when not in school, she resided with her parents in Wilmette, Illinois; she came home from school for school vacations and other special occasions; she maintained her Illinois address as her home and mailing address; she had an Illinois driver's license; she maintained a checking and savings account at a bank in Wilmette, Illinois. We agree that decedent's domicile continued to be Wilmette, Illinois.

Defendant asserts in this appeal that after he enrolled at Colorado State University, his domicile changed to Colorado. In support thereof, defendant's brief states:

"When Cary Hayes went to Colorado to attend Colorado State University in August of 1988, it was his intention to remain there permanently as a resident. At the time of the accident, Cary Hayes lived in Ft. Collins, Colorado. That summer he intended to move to Boulder, Colorado and was in the process of arranging for housing and a job."

We are not persuaded. Numerous other facts establish that defendant's domicile continued to be in Wilmette, Illinois. We set forth only a portion of those facts here: before defendant attended college, he lived with his parents in Wilmette, Illinois, for over eight years; while in college, he lived in a dormitory and returned to his parents' home on school vacations; he paid his college tuition as a nonresident; he had an Illinois driver's license (Colorado law required a new resident to change his driver's license within 30 days of becoming a Colorado resident); he was registered to vote in Illinois; he received mail at the Wilmette, Illinois, address; he maintained a savings account in Wilmette, Illinois; in his deposition and in other proceedings relating to the accident, he referred to his home as Wilmette, Illinois. In sum, we believe that defendant's conduct demonstrated that his domicile continued to be in Wilmette, Illinois.

Fourth, the parties contest the place where the relationship was centered. Defendant asserts that the relationship was centered in Colorado and cites the following facts in support thereof: the decedent and defendant were students at Colorado State University; the agreement to make the trip was made in Colorado; and the accident occurred in Colorado while the two were returning to classes at Colorado State University. Decedent asserts that the relationship was centered in Illinois and cites the following facts in support thereof: defendant first met decedent in 1982 in Illinois; the two attended high school together for four years while each was living in Wilmette, Illinois; defendant spent one summer while in high school cutting the decedent's family's lawn; for the two evenings in between the concerts in Chicago, defendant and decedent stayed at defendant's family home; during the proceedings relating to the accident, defendant repeatedly referred to the time he spent in Illinois with the decedent and decedent's family. The facts suggest that the relationship had contacts with both Illinois and Colorado. However, we have considered the above facts and conclude that the relationship was centered in Illinois.

We now move on to our disposition. In determining the relative importance of the four factors, we believe that the authority in *Schulze v. Illinois Highway Transportation Co.* (1981), 97 Ill. App. 3d 508, 423 N.E.2d 278 (citing *Ingersoll*, 46 Ill. 2d 42, 262 N.E.2d 593), applies here. In *Schulze*, the passengers of a bus who were injured during a round trip from Illinois to Michigan filed suit against the bus driver and the bus company. The place of the accident was Michigan but the domicile of the parties and the center of the parties' relationship was in Illinois; the place of the conduct causing the accident in-

cluded both Illinois and Michigan. The court held that Illinois law applied. The court reasoned that the place of injury did not control because the accident could have just as easily occurred on an Illinois or Indiana highway. Further, the court noted that the dissimilarity between the applicable Michigan and Illinois law addressed the right of recovery and the amount of recovery allowable. The court emphasized:

> "Under these circumstances, the place of the parties' domicile is of primary importance, for that is the State which presumably will feel the social and economic impact of recovery and nonrecovery." (*Schulze*, 97 Ill. App. 3d at 511, 423 N.E.2d at 280.)

The court also noted that in many cases the place of the parties' relationship was inapplicable. However, the court stated:

> "[W]hen, as here, that factor is present and the injury was caused by an act done in the course of the relationship, then the place where the relationship is centered has an important contact with the parties and the occurrence." *Schulze*, 97 Ill. App. 3d at 511, 423 N.E.2d at 280.

Similarly, here, in light of our determinations above, the only factor which clearly favors Colorado is the place of the accident. However, we do not think that this factor controls because the accident could have just as easily occurred in any one of the states decedent and defendant traveled through on their vacation trip. Further, we note that the dissimilarity between the applicable Colorado and Illinois law addressed the amount of recovery allowed. Therefore, the place of the parties' domicile, Illinois, is of primary importance, for that is the State which will feel the social and economic impact. We also note that the center of the parties' relationship was in Illinois and the injury was caused by an act done in the course of the relationship. Therefore, Illinois provides an important contact with the parties and the occurrence.

In conclusion, pursuant to the issue certified by the trial court under Supreme Court Rule 308, we hold that Illinois law applies. It follows that the trial court properly denied defendant's motion to dismiss.

Affirmed.

McNULTY, P.J., and GORDON, J., concur.